USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
  KRENTSEL & GUZMAN, LLP.,                      :
                                                :
                                    Plaintiff,  :
                                                :
                    -against-                   :        20-CV-2407 (VEC)
                                                :
  JPMORGAN CHASE BANK, N.A.,                    :        ORDER
                                                :
                                    Defendant.  :
------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

      Federal Rule of Civil Procedure 16(f)(1)(C) allows a district court, on motion or *sua sponte*, to impose sanctions on an attorney who "fails to obey a scheduling or other pretrial order." The Rule's "'explicit reference to sanctions' reflects the Rule's intention to 'encourage forceful judicial management'" and "vests a district court with 'discretion to impose whichever sanction it feels is appropriate under the circumstances.'" *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (quoting Advisory Committee's notes to 1983 amendment of Fed R. Civ. P. 16(f)). A district court's decision to impose sanctions under Rule 16(f) does not require a finding that the party acted in bad faith. *Huebner*, 897 F.3d at 53. The mere "fact that a pretrial order was violated is sufficient to allow some sanction." 6A Charles Alan Wright et al., Federal Practice and Procedure § 1531 (3d ed. 2010).

      Plaintiff's counsel, Ms. Raicus, failed to appear at a pretrial conference on July 10, 2020 at 11:30 a.m. *See* Dkt. 34. This teleconference was scheduled at her request, and an order with the date, time, and dial-in information was posted on ECF on July 1, 2020. Dkt. 30. Despite receiving a call from the Court's staff at 11:33 a.m. on July 10, 2020 directing her to join the call immediately, Ms. Raicus failed to appear by 11:40 a.m. At that point, the Court ended the

conference, rescheduled it and entered an order to show cause directing Ms. Raicus to explain why she should not be sanctioned for her failure to appear.  While failing to appear under these circumstances alone would justify a sanction, it is Ms. Raicus's subsequent conduct in which she repeatedly failed to take responsibility for her own mistake, that particularly concerns the Court.

In her first response to the Court's order to show cause why she should not be sanctioned, Ms. Raicus blamed technology.  Dkt. 36.  She stated, under the penalty of perjury, that she had encountered "technological difficulties immediately prior to the scheduled July 10, 2020 pretrial conference" that prevented her from appearing.  *Id*. ¶ 3.  Ms. Raicus failed to elaborate on the extent of her "technological difficulties," but inasmuch as the Court's staff spoke to Ms. Raicus on the telephone at 11:33 a.m., it is clear, at the very least, that her telephone was functioning.  After the Court requested additional information, Ms. Raicus submitted a second affirmation.  Dkt. 38.

The second affirmation provided two additional explanations for her failure to appear, both of which attempted to shift responsibility away from herself.  First, Ms. Raicus claimed that she "had not been assigned by Krentsel Guzman [the Plaintiff, and the law firm by which she is employed] to handle the July 10, 2020 conference," and that, as a result, she had failed to note the time and date in her calendar.  The first part of her explanation (i.e., that it is the firm's fault for not assigning her to cover the conference) is illogical and almost certainly false.  As noted *supra*, Ms. Raicus is the attorney who requested the conference.  Dkt. 29.  Moreover, she is the only Krentsel Guzman attorney who has appeared for Plaintiff in this matter, and she has submitted numerous letters to this Court on behalf of Plaintiff, including the joint letter filed in advance of the July 10 conference.  Dkt. 33.  Thus, when the Court received Ms. Raicus's second declaration, it believed her representation that she had failed to appear at the conference because she had not been assigned by the firm to do so to be unpersuasive and likely false.

Next, Ms. Raicus attested that the Court's deputy provided the wrong dial-in number when she called Ms. Raicus to inform her that the conference had begun (i.e., her failure to appear is the Court's fault for providing her the wrong call in number). Ms. Raicus included screenshots of her cell phone's call history to demonstrate that she did indeed dial the wrong number. Dkt. 38-2. These screenshots, however, merely indicate that Ms. Raicus dialed the wrong number; they do not establish one way or the other whether the Court's deputy misspoke. More importantly, the Court's deputy called Ms. Raicus as a courtesy; the correct dial-in information had been posted on the docket ten days in advance of the hearing. It was counsel's responsibility, as the Plaintiff's attorney of record, to keep track of such information.

Finally, in an attempt to elaborate on the alleged "technological difficulties" referenced in her first affirmation, Ms. Raicus undermined the truthfulness of her own sworn statements. In her second affirmation, Ms. Raicus explained that the purported "technological difficulty" consisted of receiving an out-of-service message upon dialing the incorrect conference call number. Dkt. 38 ¶ 5. Ms. Raicus's first affirmation, however, stated that she experienced the alleged "technological difficulties immediately *prior* to the scheduled July 10, 2020 pretrial conference" (emphasis added). Ms. Raicus's second affirmation, and the attached screenshots, indicate that she did not dial the incorrect number, and receive the resulting out-of-service message, until *after* the conference had begun. Thus, it appears that Ms. Raicus's statement that she experienced technological difficulties *before* the conference began was untruthful.

Having concluded that Ms. Raicus had not been truthful with the Court in her two prior declarations, on July 16, 2020, during the conference that had to be adjourned because of her failure to appear at the originally scheduled conference, the Court scheduled a hearing on sanctions and gave Ms. Raicus the opportunity to review the truth of her prior submissions and, if appropriate, to submit a corrected filing. Dkt. 39. On July 21, 2020, Ms. Raicus filed a third

affirmation.  Dkt. 40.  The third affirmation finally acknowledges the obvious: Ms. Raicus failed to carefully read this Court's July 1, 2020 order scheduling the July 10 conference and failed to enter the conference in the firm's calendaring system.  Despite that acknowledgement, she repeats the nonsensical assertion that the firm had not assigned her to handle the conference.  (This was, of course, a conference that apparently no one in the firm knew about due to Ms. Raicus's failure to carefully read the Court's order in the first instance.)  Ms. Raicus's third affirmation also contains inconsistencies that further undermine the Court's confidence in the truthfulness of her submissions.  For example, in paragraph 6, Ms. Raicus states that chambers staff contacted her at 11:40 a.m. to notify her that the conference had commenced.  In the very next paragraph, however, Ms. Raicus claims that at 11:36 a.m., she dialed the phone number that chambers staff allegedly provided to her on the phone.  Ms. Raicus's phone records indicate that she did indeed call the incorrect phone number at 11:36 a.m.  Thus, the statement that chambers staff did not contact her until 11:40 a.m. is simply inaccurate.

In short, the Court is unpersuaded by Ms. Raicus's attempts to justify or explain her unprofessional conduct.  Had Ms. Raicus simply acknowledged and taken responsibility for her mistake from the get-go, there would have been no need to prolong this matter.  I am sanctioning Ms. Raicus to pay the Defendant an amount equal to 0.5 hours of Ms. Haag-Fisk's and Mr. Neumann's regular billable time, but will stay imposition of the fine for the duration of this matter.  If there are no future incidents of Ms. Raicus failing to appear when ordered, she will be excused from paying the sanction.  The hearing scheduled for **July 23, 2020**, is cancelled.

**SO ORDERED.**

Date:  July 22, 2020
New York, NY

_____
VALERIE CAPRONI
United States District Judge